UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

MARY JEANETTE MOSS                                             Case No. 07-10126

    Debtor

**ORDER DENYING GREEN TREE-AL, LLC'S OBJECTION TO CONFIRMATION**

    Barry A. Friedman, Attorney for Debtor, Mobile, AL
    Paul J. Spina, III, Attorney for Green Tree-AL, LLC, Yearout, Spina & Lavelle, P.C., Birmingham, AL

    This matter came before the Court on Green Tree-AL, LLC's ("Green Tree") objection to confirmation of the debtor's chapter 13 plan. The judges of this Court are issuing an en banc opinion to aid attorneys practicing in this district. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has authority to enter a final order. For the reasons indicated below, the Court is denying Green Tree's objection.

## FACTS

    The debtor filed a voluntary chapter 13 case on January 17, 2007. Green Tree holds a perfected security interest in a mobile home owned by the debtor. The payoff as of March 9, 2007 was $36,640.04. It is undisputed that the mobile home serves as the debtor's principal residence. However, the debtor does not own the land on which the mobile home sits. Section 9 of the security agreement provides, in part

> **PERSONAL PROPERTY:** I agree that regardless of how my Manufactured Home is attached to the real property and regardless of how your security interest in my Manufactured Home is perfected and regardless of whether an affidavit of affixture (or other similar instrument identifying the property as a fixture) has

>been recorded, my Manufactured Home is and shall remain
>personal property and is not and shall not become a fixture or part
>of the real property unless you consent in writing and state law
>permits a contrary classification.

No evidence is before the Court regarding whether Green Tree consented to classify the mobile home as real property.

The debtor filed a chapter 13 plan ("plan") on January 25, 2007. In the plan, the debtor sought to cramdown the remaining payments on the mobile home to its estimated value of $20,000. Green Tree filed an objection to confirmation of the plan on February 2, 2007, and an amended objection on March 12, 2007.

## LAW

In its objection, Green Tree contends that since the mobile home constitutes the debtor's principal residence, the remaining debt may not be crammed down under the plan pursuant to 11 U.S.C. § 1322(b). Section 1322(b) provides that a plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." Green Tree cites to *In re Sturgill* and *In re Shepherd* in support of its objection.

In *In re Sturgill*, the debtor owned both a mobile home and the land on which it sat. 337 B.R. 599, 599-600 (Bankr. W.D. Ky. 2006). The mobile home constituted the debtor's principal residence. *Id*. The debtor sought to cramdown the secured portion of the mobile home debt in her plan. *Id*. at 600. Green Tree Servicing, LLC, the secured creditor as to the mobile home, filed an objection to confirmation pursuant to Section 1322(b)(2). *Id*. The court first found that the mobile home was classified as real property under Kentucky law. *Id*. Since it was also the

2

debtor's principal residence, the court held that Section 1322(b)(2) prohibited the debtor from cramming down the secured portion of the mobile home in her plan. *Id*.

In *In re Shepherd*, the creditor held a lien on the debtor's mobile home but not on the land on which it sat. 354 B.R. 505, 508 (Bankr. E.D. Tenn. 2006). The debtor filed a proposed plan in which it sought to cramdown the secured portion of the creditor's claim on the mobile home. *Id*. The creditor objected to confirmation pursuant to Section 1322(b)(2). *Id*. The court apparently applied Tennessee law in reaching its conclusion that the debtor's mobile home constituted real property. *See* 354 B.R. at 511 n.2. Therefore, the court held that despite not having a lien on the real property, the creditor's lien on the debtor's principal residence sufficed to activate the anti-modification provisions of Section 1322(b)(2). *Id*. at 510-12.

The Court agrees with the conclusions reached in the above two cases, but such agreement does not help Green Tree. "In the absence of a controlling federal rule, we generally assume that Congress has 'left the determination of property rights in the assets of a bankrupt's estate to state law,' since such 'property interests are created and defined by state law.'" *Nobelman v. American Sav. Bank*, 508 U.S. 324, 329 (1993) *quoting Butner v. United States*, 440 U.S. 48, 54-55 (1979). Therefore, in determining whether the debtor's home constitutes real property within the meaning of Section 1322(b)(2), the Court must look to Alabama law.

In Alabama, a mobile home is considered to be a "motor vehicle" unless (1) the mobile home is affixed to real property, (2) the mobile home and real property are titled in the same individual's name, and (3) the owner cancels the certificate of title for a vehicle with regard to

3

Case 07-10126    Doc 16    Filed 04/04/07    Entered 04/04/07 08:51:07    Desc Main
Document      Page 3 of 5

the mobile home.[1]  ALA. CODE § 32-8-30(c) (1989).  *See also In re Johnson*, 269 B.R. 246, 248-49 (Bankr. M.D. Ala. 2001).  It is undisputed that the debtor does not own the real property upon which her mobile home sits.  Therefore, it is still classified as a "motor vehicle" under Alabama law.

Despite its classification as a "motor vehicle" under state law, the mobile home nonetheless comprises the debtor's principal residence under federal bankruptcy law.  Section 101(13A) defines a "debtor's principal residence" as "a residential structure . . . without regard to whether that structure is attached to real property . . . "  Mobile homes are included within the above definition.  Green Tree argues that since it is undisputed that the mobile home is the debtor's principal residence, Section 1322(b)(2) should apply.  However, Green Tree's argument fails.

Section 1322(b)(2) provides that a debtor's plan may not modify the rights of secured creditors who hold "a security interest in real property that is the debtor's principal residence."  The terms "real property" and "debtor's principal residence" are two distinct terms of art that require individual analyses.  Whereas the Court must look to state law in determining whether a debtor's residence constitutes "real property," the Court must look to Section 101(13A) in determining whether the same property constitutes the "debtor's principal residence."  Therefore, although a residential structure may constitute a "debtor's principal residence" under federal bankruptcy law, it does not necessarily constitute "real property" under state law.

The Court also notes that section 9 of Green Tree's security agreement specifically labels

---

[1] The certificate of title for a vehicle has apparently not been cancelled with regard to the debtor's mobile home.  A copy of it is attached to Green Tree's proof of claim.

the mobile home as "personal property." It further states that the mobile home shall not be considered "real property" regardless of the classification provided under Alabama law unless Green Tree provides its consent. The Court has been presented with no evidence that such consent was provided by Green Tree. Therefore, the Court's holding also acts to enforce the plain language of Green Tree's security agreement.

THEREFORE IT IS ORDERED AND ADJUDGED that Green Tree's objection to confirmation is DENIED solely on the basis of Section 1322(b)(2). Green Tree may continue to object on any other proper grounds.

Dated: April 4, 2007

_/s/ William S. Shulman_
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE

_/s/ Margaret A. Mahoney_
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

5