UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

DEBRA LEIGH HERRIN                                   Case No. 06-12249-WSS-13

MARY JENNETTE MOSS                                   Case No. 07-10126-WSS-13

    Debtors

# ORDER DENYING GREEN TREE-AL, LLC'S MOTION TO RECONSIDER ORDERS DENYING OBJECTIONS TO CONFIRMATION

These cases are before the Court on the motions of Green Tree-AL, LLC to reconsider the Court's prior order of April 4, 2007 denying or overruling Green Tree's objection to confirmation of the debtors' plans. As with the April 4, 2007 order, the judges of this Court are issuing an en banc order to aid attorneys practicing in this district. The Court has jurisdiction to hear these matters pursuant to 28 U.S.C. § § 157 and 1334 and the Order of Reference of the District Court. These matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter final orders. For the reasons indicated below, the Court is denying the motions to reconsider.

## FACTS

The facts of the Moss case were stated in the Court's order of April 4, 2007 and are incorporated by reference in this opinion. *In re Moss*, 2007 WL 1076688 (Bankr. S.D. Ala. 2007). The Herrin case deals with nearly identical facts. Judge Shulman overruled an objection to the confirmation of Ms. Herrin's plan by order of April 6, 2007 based upon the April 4 order in the Moss case. Ms. Herrin also owns a mobile home. Green Tree-AL, LLC has a perfected

1

security interest in the home. The mortgage documents contain provisions like the ones in Ms. Moss's mortgage. Ms. Herrin does not own the real estate upon which the mobile home sits. In her chapter 13 plan, Ms. Herrin proposed to modify the mortgage of Green Tree. Green Tree objected to the modification as impermissible under § 1322(b)(2).

## LAW

The issue raised by the Green Tree objections to confirmation in the Moss and Herrin cases is whether a mortgage on a mobile home which sits on land the debtor does not own is modifiable by a debtor in a chapter 13 plan. Section 1322(b)(2) states that a plan

> may . . .modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence.

Section 101(13A) defines a "debtor's principal residence" as

> (A). . .a residential structure, including incidental property, without regard to whether that structure is attached to real property; and
> (B) includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer.

Green Tree asserts that these two Bankruptcy Code sections, read together, prohibit modification of Green Tree's mortgages. The debtors assert that the provisions allow cramdown (modification pursuant to § 1325(a)(5)) of the mortgages on their homes.

Section 101(13A) was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Section 1322(b)(2) was not changed by the new law. The Court can find no legislative history indicating exactly what Congress intended by its addition to the Bankruptcy Code of section 101(13A). There is limited legislative history about the section. The House of Representatives' Judiciary Committee Report dated April 8, 2005 contained one reference. In the "Section-by-Section Analysis and Discussion" of

2

BAPCPA, it states, in a section entitled "Title III: Discouraging Bankruptcy Abuse:"

> *Sec. 306. Giving Secured Creditors Fair Treatment in Chapter 13*. . .Section (c)(1) amends section 101 of the Bankruptcy Code to define the term "debtor's principal residence" as a residential structure (including incidental property) without regard to whether or not such structure is attached to real property. The term includes an individual condominium or cooperative unit as well as a mobile home or manufactured home, or trailer.

The debtors and Green Tree have differing views about the consequences of the addition of Section 101(13A) to the Bankruptcy Code. The debtors assert that the addition made mortgages on mobile homes that are a debtor's principal residence nonmodifiable only if the mobile home itself is defined as real property under state law. Green Tree asserts that the addition made a mortgage on any mobile home, regardless of state law classification of the mobile home as real or personal property, nonmodifiable in a chapter 13 case.

The Court's April 4 and April 6, 2007 rulings agreed with the debtor' position. However, the orders lacked clarity and needed to be expanded upon reconsideration by the Court. The Court concludes that § 101(13A) and § 1322(b)(2) can be read in a manner that gives meaning to every word in both statutes. For a secured claim to be included in the coverage of § 1322(b)(2), the claim must be (1) "secured only be a security interest in real property" and (2) the real property mortgaged must be the "debtor's principal residence." Section 101(13A) makes clear that mobile homes, even if not affixed to real property, may be a "debtor's principal residence" for purposes of § 1322(b)(2).

I.

Under Alabama law, a mobile home is personal property unless three criteria are fulfilled. Ala. Code, § 32-8-30 (c). To be considered real property, the mobile home (1) must be affixed

3

Case 07-10126    Doc 37    Filed 07/03/07    Entered 07/03/07 08:44:50    Desc Main
Document      Page 3 of 9

to real property, (2) must be titled in the same name as the real property, and (3) must have the certificate of title to the mobile home cancelled.  There was no evidence presented in these cases that those three requirements were fulfilled.  In fact, neither debtor owns the real estate upon which her mobile home sits.  Therefore, under Alabama law, the mobile homes of Ms. Moss and Ms. Herrin are personal property.

Debtors' counsel has provided to the Court citations to the laws of some states that permit a manufactured home to be considered real property if the home is permanently affixed to real estate that the mobile home owner is renting under certain conditions.  *See*, e.g., Ariz. Rev. Stat. § 33-1501; Cal. Health & Safety Code § 18551(a)(1)(A); N.C. Gen. Stat. § 105-273(13).  Therefore, there are states where ownership of the land upon which a debtor's residence sits is not necessary for a mobile home to be considered real property.

## II.

The United States Supreme Court has stated that "[a]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 1095 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).  *See also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1199 (11th Cir 2007)(stating that "[i]n interpreting a statute, we look first to the statute's plain meaning and, if the statutory language is unambiguous, our inquiry comes to an end.")  Statutory construction rules also state that courts whenever possible, should aspire to give meaning to every word of a law. *Nunnally v. Equifax Information Services, LLC.*, 451 F.3d 768, 773 (11th Cir. 2006) (It is a cardinal principle of statutory construction that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or

insignificant.")(quoting from *TRW, Inc. V. Andrews*, 534 U.S. 19, 31, 122 S.Ct. 441, 449, 151 L.Ed.2d 339 (2001)). Courts also should not read words out of a statute. *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992).

This Court concludes that §§ 101(13A) and 1322(b)(2) are unambiguous and can be read giving meaning to each word of both provisions. The legislative history is not in conflict with this reading. Section 1322(b)(2), in conjunction with new § 101(13A), now includes mortgages on some mobile homes, manufactured homes and trailers on rented property, as well as condominiums and cooperatives. This Court does not conclude that the statute sweeps into § 1322(b)(2) ALL mobile home mortgages. To reach the result that Green Tree espouses, the Court must ignore the words "secured only be a security interest in real property" in § 1322(b)(2). If these words have any operative effect, Green Tree loses in cases like Ms. Moss's and Ms. Herrin's. Because the law can be read to give these words effect in light of the law in certain states, under the plain meaning rule, Green Tree's position must fail.

*Collier on Bankruptcy*, a highly respected bankruptcy treatise, agrees with this Court's reading of the phrase "debtor's principal residence."

> This result is not changed by the definition of "debtor's principal residence" added to section 101 by the 2005 amendments. Although that definition includes an individual condominium or cooperative unit, as well as a mobile or manufactured home, or a trailer, the fact that such residences are personal property means that a debt secured by them would not be secured solely by real property that is the debtor's principal residence. Only if a mobile home or cooperative is real property under applicable nonbankruptcy law would the limitations on modification apply, even though the mobile home or cooperative is considered the debtor's principal residence.

*Collier on Bankruptcy*, ¶1322.06[1][a] (15th ed. rev.)

Green Tree also argues that state law has been preempted by § 101(13A). The words in

§ 101(13A) "without regard to whether the structure is attached to real property" is "a clear expression by Congress to preempt the state law classification of mobile homes as personal property." Motion to Reconsider at p. 3-4. Green Tree argues that § 101(13A) has either expressly or impliedly preempted the field of property law classification of mobile homes for purposes of a chapter 13 plan.

"[E]xpress 'pre-emption occurs when Congress, in enacting a federal statute, expresses a clear intent to pre-empt state law.'" *Nat'l Ass'n of State Utility Consumer Advocates v. FCC*, 457 F.3d 1238 (11th Cir. 2006) (quoting *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 368, 106 S.Ct. 1890, 1898 (1986)). The new statute does not express a clear intent to preempt state law. Its legislative history expresses no intent to preempt state law. In fact, it can be read in a plain meaning fashion in a manner that does not do so. Therefore, express preemption does not apply.

Green Tree also argues that, if the new definition is not an express preemption, it is an implied preemption of Alabama's state law as to mobile homes' status. Green Tree cites to law that states that implied preemption exists

> where the plan of federal regulation is "so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it," [*Fidelity Federal Savings & Loan Association v]. de la Cuesta*, 458 U.S. [141,] 153, 102 S.Ct. [3014, ]3022, [73 L.Ed.2d 664 (1982)] (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947)); and . . . "compliance with both federal and state regulations is a physical impossibility," *Gade v. National Solid Wastes Management Association*, 505 U.S. 88, 112 S.Ct. 2374, 2383, 120 L.Ed. 2d 73 (1992) (quoting *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-43, 83 S.Ct. 1210, 1217-18, 10 L.Ed.2d 248 (1963)), or when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Gade*, 505 U.S. at ----, 112 S.Ct. at 2383.

*Phillips v. General Elec. Co.*, 881 F. Supp. 1553, 1557.D. Ala. 1995).

6

First, there is no evidence that Congress meant to totally preempt state law on this issue. The Court could speculate about what Congress intended to do, but any such thoughts would not be based upon any hard evidence in the statutory language itself or the legislative history. This Court will not presume to know the mind of Congress. Secondly, § 101(13A) and § 1322(b)(2) can be read in harmony. Compliance with both state and federal law is not impossible if state law is honored. There is no need to read any words out of either statute if § 1322(b)(2) is only applicable to mobile homes that are considered real property under state law. Third, the general proposition under bankruptcy law is that property rights of debtors are a matter of state law. "In the absence of a controlling federal rule, we generally assume that Congress has 'left the determination of property rights in assets of a bankrupt's estate to state law,' since such 'property interests are created and defined by state law.'" *Nobelman v. American Sav. Bank*, 508 U.S. 324, 329, 113 S.Ct. 2106, 2110 (1993) (quoting *Butner v. U.S.*, 440 U.S. 48, 54-55, 99 S.Ct. 914, 918 (1979)). Therefore, interpreting § 101(13A) to work with state law is consistent with past precedent.

III.

There are two published decisions to date touching on this issue. *In re Sturgill*, 337 B.R. 599 (Bankr. W.D. Ky. 2006); *In re Shepherd*, 354 B.R. 505 (Bankr. E.D. Tenn. 2006). The Court respectfully disagrees with the *Shepherd* ruling and concludes that the *Sturgill* case is distinguishable from these cases.

The Court believes that the *Shepherd* case was decided without the benefit of the statutory cites given to this Court about the Arizona, California and North Carolina laws that make §§ 101(13A) and 1322(b)(2) harmonious without reading any words out of either

7

provision. Without addressing the Arizona, California or North Carolina statutes, *Shepherd* states that with the two references to § 101(13A) in the legislative history to BAPCPA and the use of the term "debtor's principal place of residence" in 6 places in the Code

> it seems apparent that Congress intended for this definition as set forth in § 101(13A) to apply specifically to the anti-modification provisions concerning home mortgages, thereby broadening the scope of § 1322(b)(2) to prohibit modification of obligations owed to creditors holding security interests in residential structures such as condominiums and mobile homes, despite the fact that a debtor does not own, and the creditor does not hold a lien upon, the real property upon which such structures are located . . . To hold otherwise would render § 101(13A) meaningless surplusage and would serve to judicially write it out of the provisions of BAPCPA.
>
> *Shepherd* at 354 B.R. 512.

Section 101(13A) is not surplusage in light of the Arizona, California and North Carolina statutes. The Court concludes that interpreting §§ 101(13A) and 1322(b)(2) to apply only to mobile homes that are considered real estate under state law does not read language out of the statute. The new provision is merely applicable to a more limited number of mobile homes in a limited number of states.

The *Sturgill* case is distinguishable from the Moss and Herrin cases. In that case, the debtor's loan had a balloon payment which put the loan under the provisions of § 1322(c)(2) for plan purposes. The Court held that § 1322(b)(2) did not apply. Therefore, the Sturgill case did not deal with the issue raised here.

THEREFORE IT IS ORDERED that the motion of Green Tree-AL, LLC. to reconsider the Court's order of April 4, 2007 is DENIED.

Dated: July 3, 2007

_____
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

Dated: July 3, 2007

*William S. Shulman*
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE